**CITY OF LUBBOCK, Texas, Appellant,**

v.

**Clifford ONLEY et al., Appellees.**

No. 8382.

Court of Civil Appeals of Texas, Amarillo.

July 23, 1973.

Rehearing Denied Sept. 4, 1973.

Fred O. Senter, Jr., City Atty., James P. Brewster, Lubbock, for appellant.

Gibbins & Spivey, Broadus A. Spivey, Austin, for appellees.

JOY, Justice.

Appellant City of Lubbock, Texas, has appealed from an adverse judgment, based on a jury verdict awarding Clifford Onley damages arising out of an automobile-motorcycle collision. Affirmed.

The collision in question occurred on or about August 13, 1970, at or near the intersection of 50th Street and Avenue U in Lubbock. Appellee Clifford Onley was on his motorcycle on Avenue U, headed in a southerly direction, waiting for a traffic light to allow him to proceed. As appellee proceeded into the intersection, a car driven by Mrs. Bill Bowen, a defendant at trial, collided with appellee's motorcycle, resulting in bodily injury to appellee and damage to his motorcycle. Appellee, who at both the time of the accident and at the time of filing suit was a minor child, brought suit against Mrs. Bowen for damages resulting from the collision. Defendant Bowen, by her first amended original answer, joined the City of Lubbock to the suit, alleging that a flagman member of a street maintenance crew at or near the intersection negligently waved her through the intersection, that such was a new and independent cause of the accident, and that it was a proximate cause of plaintiff's injuries. Appellee, by way of his first amended original petition, then averred that relief should be granted him for various alleged acts of negligence of the City of Lubbock, which were either independently of or jointly with the acts of Mrs. Bowen, the proximate cause of appellee's injuries. Trial was had before a jury and, based upon the verdict, judgment rendered that appellee take nothing against defendant Mrs. Bowen, and that appellee recover from appellant City of Lubbock damages in the amount of $15,000.

Appellant asserts as combined error in its first four points the failure of the trial court to find that appellee was barred from bringing the suit and proceeding to judgment on it due to enactment and effect of C. 1, Art. II, § 8, of the Charter of the City of Lubbock, which reads as follows:

"Section 8. The City shall not be liable on account of any claim for specific performance, breach of contract or damages to the person or to any property, or for any character of tort, unless the person asserting such claim shall give the City written notice of such claim and of the facts upon which it is based within 30 days from the time it is claimed such cause of action arose, and no such suit shall be instituted or maintained on any such claim until the expiration of 90 days from the time such notice shall have been given."

The specific findings of fact by the trial court reflect that no formal notice of claim was ever filed by the appellee. The trial court also found that (1) appellee Clifford Onley, being a minor at the time of the accident was excused from compliance with the charter notice provisions of the City of Lubbock; (2) that the filing of the suit and serving appellant with a true and correct copy of same, along with the filing of the police accident report with the City of Lubbock, constituted actual notice of the claim to appellant, thereby further relieving appellee of compliance with the charter notice provisions.

■ McCrary v. City of Odessa, 482 S.W.2d 151 (Tex.1972) was an action against the city and the driver of a city vehicle for injuries the minor plaintiff sustained in a collision with a city vehicle. The court there held that the plaintiff was excused from compliance with the notice requirement of the city until he reached the age of twenty-one or until his disabilities were removed. The reason for excusing compliance upon proof of the plaintiff's minority is that notice provisions presuppose the existence of a person capable of complying. Since the plaintiff was legally incapable of compliance, he was formally excused therefrom. To hold that a minor, though bringing suit while in minority, must still file a claim upon reaching age twenty-one, would require a useless or superfluous act.

■ Appellant next asserts that the trial court erred in submitting special issue No. 8 over appellant's objection that it assumed a fact in controversy and that it was multifarious. Special Issue No. 8 reads as follows:

"Do you find from a preponderance of the evidence that on the occasion in question the City of Lubbock, Texas, had conflicting traffic controls at the intersection of Avenue U and 50th Street?

"Answer 'Yes' or 'No.'"

Appellant claims that the issue as worded assumed that the flagman was "at" the intersection, when, in fact, his location was a disputed fact in the record. We find no merit in appellant's contention. The special issue adequately leaves for the consideration of the jury the question of whether the controls "at the intersection" were in conflict.

■■ Appellant also contends that the trial court erred in failing to grant appellant's motion to disregard the affirmative findings of acts of omission of appellant inquired about in special issues Nos. 8 and 11 for the reason that there was no finding that such acts were negligence, nor any basis for an implied finding of negligence, although the jury found that such acts were proximate causes of the collision. This contention can be answered by resort to Rule 279, Texas Rules of Civil Procedure. The rule as applied to the circumstances where, as here, an independent ground of recovery or defense is submitted in a cluster of issues and those issues are necessarily referrable to the ground of recovery. If the jury answers the submitted issues, but one or more issues are omitted, without objection, such omitted issue or issues shall be deemed as found by the court in such a manner as to support judgment, so long as there is evidence to support the finding on the omitted issue. The jury in the instant case answered special issues Nos. 8 and 11 favorably to the plaintiff-appellee and also answered special issues Nos. 9 and 12 as to proximate cause in the affirmative. There was no submission of an issue asking if such acts were negligence. However, by resort to the above mentioned Rule 279, such issues are deemed as found by the court. By failing to timely object to the omission of the issues as to negligence, appellant waives determination of those issues by the jury, and the trial court would be deemed to have found the issues in support of its judgment. Connell v. Rosales, 419 S.W.2d 673 (Tex.Civ.App.—Texarkana 1967, no writ).

■ Appellant also asserts that special issue No. 11 was defective since it was so broad as not to limit the jury's consideration to the specific location in question and that it did not establish a material fact reflecting a violation of a duty. It is immaterial that there are defects in some submitted special issues when the answers to other special issues will sustain the judgment. Texas Crushed Stone Company v. Weeks, 390 S.W.2d 846 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); Tex—Jersey Oil Corporation v. Beck, 157 Tex. 541, 305 S.W.2d 162 (1957). The answers to special issues Nos. 8 and 9, coupled with the deemed finding of negligence, support the judgment of the trial court. Therefore, appellant's contention as to special issue No. 11 is without merit.

■ Finally, appellant asserts that the trial court erred in rendering judgment for the appellee based upon the jury's answer to special issue No. 17, which was the damage issue, for the reason that there was insufficient evidence to support the jury's answer to such special issue. The Texas rule appears in the case of Lackey v. Perry, 366 S.W.2d 91 (Tex.Civ.App.—San Antonio 1963, no writ) in support of the finding on the damage issue. That case, quoting from 17 Tex.Jur.2d Damages, § 335, stated the rule as follows:

"It is a well settled general rule that where the law furnishes no legal measure of damages, and they are unliquidated,

the amount to be awarded rests largely in the discretion of the jury; and unless the award is so large as to indicate that it is the result of passion, prejudice or corruption, or that the evidence has been disregarded, their verdict is conclusive and will not be set aside as excessive, either by the trial court or on appeal."

In the instant case appellant has neither alleged nor shown that any passion, prejudice or corruption led to the jury's verdict; therefore, the award of the jury must stand.

For the foregoing reasons appellant has shown no reversible error. The judgment of the trial court is affirmed.