**CITY OF LUBBOCK, Texas, Petitioner,**

v.

**Clifford ONLEY et al., Respondents.**

**No. B–4252.**

Supreme Court of Texas.

Dec. 5, 1973.

Fred O. Senter, Jr., City Atty., James P. Brewster, Asst. City Atty., Lubbock, for petitioner.

Gibbins & Spivey, Broadus A. Spivey, Austin, Crenshaw, Dupree & Milam, Brad Crawford, Jr., Lubbock, for respondents.

PER CURIAM.

The plaintiff Onley, riding a motorcycle, was struck by a car driven by the defendant Bowen at a street intersection in the City of Lubbock, Texas. The city was brought in as a defendant upon the ground that the accident was caused, at least in part, by the negligence of a city employee. The employee was a member of a maintenance crew working at the intersection where the accident occurred. It is alleged that he was negligent in directing, or attempting to direct, traffic at the intersection at which there were also traffic signal lights.

The points before us deal mainly with the adequacy of the notice given to the city and the manner in which the case was submitted to the jury. We agree with the result reached by the Court of Civil Appeals upon the points raised. 498 S.W.2d 429.

No point is before us as to whether, in directing traffic, the employee of the city was acting in a governmental capacity, or whether he was acting in a proprietary ca-pacity in helping to maintain the streets. See City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753 (1960). Nor is any point before us as to the Texas Tort Claims Act. Accordingly, in approving the judgment of the Court of Civil Appeals, we are not to be understood as expressing any opinion on either of the above matters.

The application for writ of error is refused, no reversible error.