J. Miller PORTER, Appellant,

v.

Patty Brannon HAJOVSKY et al., Appellees.

No. 1383.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 26, 1976.

Rehearing Denied June 16, 1976.

John M. O'Quinn, Riddle, Murphrey, O'Quinn & Cannon, Eliot P. Tucker, Mandell & Wright, Houston, for appellant.

Charles W. Hurd, III, Fulbright & Jaworski, Houston, for appellee.

COULSON, Justice.

This is a suit for personal injuries resulting from an automobile collision between J. Miller Porter and Patty Brannon Hajovsky. Porter sued Mrs. Hajovsky and her husband, Victor Hajovsky, for injuries received when Mrs. Hajovsky ran a red light and struck Porter's car. A directed verdict was granted to Victor Hajovsky from which no appeal has been taken. The jury found Mrs. Hajovsky negligent and Porter negligent. The jury found Porter's damages to be $2,000 for physical pain and mental anguish in the past and $3,000 for loss of earnings in the past. Judgment was entered that Porter take nothing. We affirm.

Porter was driving north on Stella Link when he stopped for a red light at the intersection of Stella Link and Bellaire Boulevard. Mrs. Hajovsky was driving east on Bellaire. A service truck was parked in the middle of the intersection and it partially blocked Porter's lane of traffic. Continuing through the intersection, when the light turned green, Porter had to veer into the adjacent right lane to avoid the parked truck. Porter looked over his right shoulder to observe the traffic travelling in the adjacent lane so that he would not collide with that traffic when veering around the parked truck. While proceeding through the intersection, Porter's car was struck by Mrs. Hajovsky's car after she ran a red light.

The jury found Porter negligent in his lookout and that such negligence was a proximate cause of the collision. Mrs. Hajovsky was also found negligent and her negligence was found to be a proximate cause of the collision.

■■■ A driver, with the right of way, entering an intersection ordinarily has a duty to keep a lookout for other vehicles entering the intersection. *Thornton v. Campise,* 459 S.W.2d 455 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.). A finding that Porter failed to keep a proper lookout, and that such failure was negligence, is a finding of contributory negligence. Here, the jury inferred that Porter was negligent in his lookout (not looking to his left and observing Mrs. Hajovsky run the red light). Contributory negligence is not established by evidence equally consistent with the exercise of care by a plaintiff, or where the inference of care is just as reasonable as the inference of the absence thereof. *Williams v. Hill,* 496 S.W.2d 748, 751 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). The inference of care on Porter's part is just as reasonable as the inference of the absence of care by Porter. The jury's finding that Porter was negligent in his lookout is against the great weight and preponderance of the evidence.

Porter claims that the jury's answer to the special issue on damages is against the great weight and preponderance of the evidence. The damage issue was answered as follows:

QUESTION 3

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate J. Miller Porter, Jr., for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question? Consider the following elements of damage, if any, and none other. Answer in dollars and cents, if any:

a. Physical pain and mental anguish in the past.

Answer: $2,000.00

b. Physical pain and mental anguish which, in reasonable probability, he will suffer in the future.

Answer: None

c. Loss of earnings in the past.

Answer: $3,000.00

d. Loss of earning capacity which, in reasonable probability, he will sustain in the future.

Answer: None .

Both Porter and the defendants stipulated at trial that the defendants are entitled to a credit of $14,601.64 against any recovery in this suit. The total amount of damages,

$5,000, found by the jury, is well within the credit due the defendants.

As stated in *Edmondson v. Keller*, 401 S.W.2d 718, 720 (Tex.Civ.App.—Austin 1966, no writ):

> The amount of damages is largely within the jury's discretion. However, they must award something for every element of damage resulting from an injury.

Here, the jury did award damages for every element resulting from an injury. Those elements which the jury found resulted from Porter's injury were physical pain and mental anguish in the past and loss of earning capacity in the past.

■ Porter's income has increased every year following the accident. The extent of diminished earning capacity can best be shown by comparing actual earnings before and after the injury. *Thomas v. Jenkins*, 481 S.W.2d 464 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.). The jury's answer of "none" as to Porter's loss of earning capacity in the future is supported by a comparison of actual earnings before and after the injury and is not against the great weight and preponderance of the evidence.

■ The jury was able to observe Porter from the witness stand. They heard testimony from Porter of his previous statement that he did not get hit too hard and was not severely hurt. The jury's answer of "none" as to the physical pain and mental anguish which in reasonable probability Porter will suffer in the future is not against the great weight and preponderance of the evidence.

■ A review of the record shows that the jury's answers on the damage issue are not against the great weight and preponderance of the evidence. In light of the credit due defendants, the judgment can be sustained solely on the jury's verdict as to damages. It is immaterial that the jury's finding of contributory negligence is against the weight and preponderance of the evidence when the answers to the damage issue will sustain the judgment. *City of Lubbock v. Onley*, 498 S.W.2d 429, 431 (Tex.Civ.App.—Amarillo), *writ ref'd n. r. e. per curiam*, 506 S.W.2d 208 (Tex.Sup.1973); Tex.R.Civ.P. 434.

Affirmed.

CURTISS BROWN, C. J., not participating.