FRUEHAUF CORPORATION and Texas Hauling Contractors, Inc., Appellants,

v.

Guadalupe ORTEGA, Appellee.

No. 13–83–110–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 14, 1985.

See also 652 S.W.2d 566.

B. Buck Pettitt, Jones, Lewis & Pettitt, McAllen, Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, for appellants.

Joseph Prestia Pena, McDonald, Prestia & Ibanez, Edinburg, Russell McMains, Edwards & Perry, Corpus Christi, Paul Q. O'Leary, O'Leary, Sanchez & Benton, Brownsville, for appellee.

## OPINION

### PER CURIAM.

Appellee brought this personal injury action because of electrical burns he received in the course of his employment. Several parties were named as defendants at trial, but only Texas Hauling Contractors, Inc. (Texas Hauling) and Fruehauf Corporation (Fruehauf) appealed from the recovery granted to appellee in the final judgment.

Appellee was an employee of Virgil T. Walker Construction Co., Inc. (Walker Construction), which had been hired by Heldt Brothers Trucking Corporation (Heldt Trucking) to improve a driveway. Walker Construction then hired Texas Hauling to haul fill material for the driveway. Texas Hauling sent a truck with a dump-trailer to the dump site. The trailer was manufactured by Fruehauf. The truck was owned by Mr. Reyes Nino and driven by Mr. Jose Mendoza. When Mendoza arrived at the site, the dumping was directed by appellee.

When the dump-trailer was raised, it apparently moved too close to overhead power lines and became charged with electricity. After the trailer was empty, appellee approached the truck, came into contact with the metal portion of the truck and suffered severe electrical burns.

Appellee sued Texas Hauling, Fruehauf, Mendoza and Magic Valley Electric Cooperative, Inc. (Electric Company); other actions brought Heldt Trucking and its individual owners into the suit. The Electric Company and Heldt Trucking and its individual owners settled with appellee and were ultimately dismissed from the action. The negligence of Heldt Trucking was submitted to the jury, but not that of the Electric Company. The jury assessed responsibility for appellee's injuries as follows:

| PARTY | % NEGLIGENT |
|---|---|
| Mendoza | 11 |
| Texas Hauling | 15 |
| Fruehauf | 53 |
| Heldt Trucking | 18 |
| Appellee | 3 |

Appellee was awarded $925,000 in total damages, of which $608,585.20 was assessed jointly and severally against Mendoza, Texas Hauling and Fruehauf. Appellant does not challenge the determination of the percentage of negligence. Fruehauf settled with appellee after submission of the appeal, so only the points of error brought by Texas Hauling will be considered.

In answers to the first two special issues submitted, the jury found, respectively, that certain delineated negligent conduct of Mendoza was a proximate cause of appellee's injuries and that Mendoza was an employee of appellant Texas Hauling. In its first seven points of error, appellant challenges Special Issue Three. It was submitted to the jury in the following form:

### SPECIAL ISSUE NO. THREE

Do you find from a preponderance of the evidence that the Defendant, TEXAS HAULING CONTRACTORS, committed

any negligent act or omission which was a proximate cause of the occurrence in question?

In determining whether the Defendant, TEXAS HAULING CONTRACTORS, was negligent, you will consider only the following acts or omissions, if any;

A. failing to warn GUADALUPE ORTEGA of the overhead wires;

B. failing to warn workers of the overhead wires;

C. failing to notify Magic Valley Electric Cooperative of their work in the area of overhead wires as per Vernon's Ann. Civ.St. Article 1436–C;

D. In dumping, or causing to be dumped, caliche from the truck trailer in question when it was possible for some part of such trailer to be brought within 6 feet of the high voltage overhead line during such dumping;

E. In operating or moving, or causing the operation or moving of, the truck-trailer, or any part thereof, within six (6) feet of the overhead high voltage lines;

F. In operating, or causing to be operated, equipment any part of which was capable of vertical motion on which there was not posted and maintained a warning sign legible at 12 feet placed within the equipment readily visible to its operators when at the controls of such equipment and on the outside of such equipment in such number and location as to be readily visible to persons engaged in the work being performed and when an insulated cage-type guard or protective device had not been installed about the part of such equipment capable of vertical movement;

G. In operating, or causing to be operated, equipment capable of vertical movement within 10 feet of the high voltage overhead line.

ANSWER "YES" OR "NO."

ANSWER YES

In its first point of error, appellant contends that the jury should have been allowed to answer Special Issue Three only if it previously found that Mendoza was *not* an employee of appellant. Appel-lant cites the general rule that appellant and appellee cannot be joint tortfeasors when they are in an employer-employee relationship. The judgment found Mendoza and appellant jointly and severally liable without indicating the application of respondeat superior. Compare *Marange v. Marshall*, 402 S.W.2d 236 (Tex.Civ.App.— Corpus Christi 1966, writ ref'd n.r.e.). Appellant does concede that "the trial court correctly disregarded the jury's answer to Special Issue No. 2 . . . because a judgment against Jose Mendoza was in effect a judgment against Nino Reyes"; however, appellant argues that the mere erroneous unconditional submission of Special Issue Three "allowed the jury to consider the acts or omissions of Mendoza in Special Issue No. 1 in determining the negligence of Texas Hauling in Special Issue No. 3." Special Issue One was submitted in the following form:

"SPECIAL ISSUE NO. ONE

Do you find from a preponderance of the evidence that the Defendant, JOSE MENDOZA, committed any negligent act or omission which was a proximate cause of the occurrence in question?

In determining whether the Defendant, JOSE MENDOZA, was negligent, you will consider only the following acts or omissions, if any:

(a) Failing to keep a proper lookout for overhead wires;

(b) Failing to warn Plaintiff that he was parked under the electrical wires;

(c) Proceeding to raise the trailer bed when he knew or should have known the danger of contact with overhead wires;

(d) Failing to place a warning sign on the truck and trailer regarding the possibility of overhead wires and its consequences;

(e) In dumping, or causing to be dumped, caliche from the truck-trailer in question when it was possible for some part of such trailer to be brought within 6

feet of the high voltage overhead line during such dumping;

(f) In operating or moving, or causing the operation or moving of, the truck-trailer, or any part thereof, within six (6) feet of the overhead high voltage lines.

(g) In operating, or causing to be operated, equipment any part of which was capable of vertical motion on which there was not posted and maintained a warning sign legible at 12 feet placed within the equipment readily visible to its operators when at the controls of such equipment and on the outside of such equipment in such number and location as to be readily visible to persons engaged in the work being performed and when an insulated cage-type guard or protective device had not been installed about the part of such equipment capable of vertical movement.

(h) In operating, or causing to be operated, equipment capable of vertical movement within 10 feet of the high voltage overhead line.
ANSWER: "YES" OR "NO."
ANSWER: YES

Appellant argues that the similarities between Special Issues One and Three improperly focused attention on *Mendoza's* conduct instead of on *appellant's* negligence. Appellant has cited no case authority which supports its asserted narrow reading of Special Issues One and Three, and we disagree with its construction.

There is no doubt that the jury was instructed to consider Mendoza's conduct in Issue One and appellant's conduct in Issue Three. The conduct set out included acts and omissions that could have been engaged in at either the office or the construction site, or both. Mendoza and appellant could properly have been found to have engaged in the same negligent conduct or in separate acts or omissions listed. The jury assigned different percentages of negligence to each party. Overlapping special issues do not necessarily produce reversible error. Under the facts of this

case, including appellant's failure to object to the *form* of Special Issue Three, we find that this case belongs, at least by analogy, in the same class of rules that holds that it is immaterial that there are defects in some submitted special issues when the answers to other special issues will sustain the judgment. *City of Lubbock v. Onley*, 498 S.W.2d 429 (Tex.Civ.App.—Amarillo 1973) writ ref'd n.r.e., Per Curiam 506 S.W.2d 208 (Tex.1973); *Hawes v. Central Texas Production Credit Association*, 492 S.W.2d 714 (Tex.Civ.App.—Austin 1973) aff'd 503 S.W.2d 234 (Tex.1973).

Finally, even if Special Issue Three should have been conditioned on a jury finding that Mendoza was *not* an employee of appellant, we do not think that the error, in light of the record as a whole, caused a rendition of an improper judgment. As previously stated, appellant itself stated that the trial court properly disregarded the jury answer to Special Issue Two. Appellant's first point of error is overruled.

■ In its second point of error, appellant contends that paragraphs D, E, F, and G of Special Issue Three should not have been submitted "because there was a wide variance between the pleadings, proof, and limiting instructions in violation of ... *Scott v. Atchison, Topeka & Santa Fe Railway Co.*, 572 S.W.2d 273 (Tex.1978)." Appellant refers us to the language from the *Scott* decision, which says that "when one or more pleaded acts or omissions are unsupported by evidence and the record contains evidence of other possible negligent acts or omissions which were not pled, failure to limit the broad ultimate fact issue to acts or omissions which were raised by both pleadings and proof violates Rule 277 and is error." However, appellant's trial objection was that "the general charge in the manner of which it is submitted is a direct violation of [*Scott*] because Issues Number One, Three and subsequent issues clearly demonstrated there is a great variance between the pleadings and the proof in this case, and I suggest a general objection to the issues in general." Although we do not approve of the form of the

charge, appellant did not object to this method of submission. Appellant's objection was not specific enough to preserve the error here assigned.

 "Variance between pleadings and proof has rarely been the source of harmful error. To be reversible, the variance must be substantial, misleading, constitute surprise and be a prejudicial departure from the pleadings. [Citations omitted].... [A] broad submission of an issue will [not] be reversed simply because one or more acts which contributed to the injury was not particularly pleaded or proved." *Brown v. American Transfer and Storage Company*, 601 S.W.2d.931 (Tex.1980); *Siebenlist v. Harville*, 596 S.W.2d 113 (Tex. 1980). Thus, the objections to the charge must be distinct and specific; if there is a variance between the pleadings and proof, the distinct and specific variance or other defect must be stated in the objection, or it is waived under TEX.R.CIV.P. 274. The purpose of this requirement is to allow the trial court an opportunity to then and there redraft the charge if necessary or consider an amendment under Rule 66. *Brown* at 938. *See Burk Royalty Company v. Walls*, 616 S.W.2d 911 (Tex.1981); *Hersh v. Hendley*, 626 S.W.2d 151 (Tex.App.—Fort Worth 1981, no writ). Appellant's objection was simply too general to apprise the trial court of any alleged error.

 We pause to note that the pleadings in this case present a stark contrast to those in the *Scott* case; more recent Supreme Court cases have noted that the plaintiff in *Scott* "Failed to produce any evidence on pleaded acts; he produced an abundance of evidence on six or seven unpleaded acts. [Thus, a] case could hardly be conceived in which a variance could be wider than that found in *Scott.*" *See Brown*, at 937; *Siebenlist*, at 114. We hold that, in the case before us, the pleadings did not present such a wide variance so as to constitute reversible error. The pleadings afforded the appellant sufficient notice and opportunity to prepare an adequate defense. *Murray v. O & A Express,*

*Inc.*, 630 S.W.2d 633 (Tex.1982). Appellant's second point of error is overruled.

 In its third point of error, appellant notes that, at trial, appellee introduced deposition testimony of Mendoza without designating him an adverse witness under TEX.R.CIV.P. 182. The deposition testimony tended to show that Mendoza had warned appellee about the overhead wires; appellant argues that the trial court later refused to allow appellee to state that he was never warned about the wires, ruling that appellee was bound by the testimony of Mendoza, and appellee could not impeach it. Appellant therefore contends that paragraphs A and B of Special Issue Three should not have been submitted because they were not supported by the evidence.

We first note that previous testimony in the record contradicted Mendoza's testimony that appellee was warned about the overhead lines. Appellee testified before Mendoza and stated that he never spoke to Mendoza before the accident. Appellee repeatedly testified on both direct and cross-examination that he had not seen the power lines and that no one had warned him that the lines were low and that dumping might present problems. Even assuming appellant is correct in contending that appellee could not *impeach* Mendoza, that ruling will not relate back to contradictory testimony already in evidence. This issue belongs within the rule that it is the exclusive province of the jury to judge the credibility of the witnesses and to determine the weight to be given their testimony. *Tenngasco Gas Gathering Company v. Fischer*, 653 S.W.2d 469 (Tex.App.—Corpus Christi 1983, no writ). *See Salazar v. Hill*, 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Finally, the determination of whether *Mendoza's* testimony bound appellee is logically irrelevant to the issue of whether *appellant* negligently failed to warn appellee or workers of the overhead wires. Appellant's third point of error is overruled.

 In its fourth, fifth and sixth points of error, appellant contends that the trial

court erred by (a) incorporating TEX.REV. CIV.STAT.ANN. art. 1436c (Vernon 1980) in the charge and (b) submitting paragraphs C through G in Special Issue Three, because there was no evidence that the power line carried sufficient voltage to justify the application of Article 1436c. Similarly, in its sixth point of error, appellant contends that neither article 1436c nor paragraphs C through G of Special Issue Three should have been submitted to the jury because (1) there was no evidence that appellant *desired* to perform work near the power line and (2) article 1436c did not establish any *duty* of appellant. Neither of these specific objections were made at trial; we therefore apply the rule that a statute which sets up standard precautions may provide relevant facts "having proper bearing upon the conduct of a reasonable man under the circumstances, which the jury should be permitted to consider." *See Kraus v. Alamo National Bank of San Antonio*, 586 S.W.2d 202 (Tex.Civ.App.— Waco 1979) aff'd 616 S.W.2d 908 (Tex. 1981).

Appellant's trial objection to the submission of article 1436c was that no probative evidence showed that the voltage exceeded 600 volts, presumably the minimum power required for the statutory safety provisions to become effective. Although the propriety of the submission of the statute is not entirely dependent on this issue, we hold that the record as a whole supports a positive inference that the power line carried over 600 volts. For instance, Mr. Cecil Hickman testified by deposition that he was chief of safety programs for an architectural engineering firm and that he was "led to believe" that the power line carried about 7,200 volts. In the absence of an objection or further questioning about the origin of his "belief," we hold that this testimony has some probative value. Appellant's fourth, fifth and sixth points of error are overruled.

In its seventh point of error, appellant contends that paragraphs C through G should not have been submitted because there was no evidence that appellant knew

or should have known that Mendoza was operating the truck and trailer in the vicinity of the power lines. Once again, this objection was not presented at trial. We will not hold that appellant may avoid taking reasonable safety precautions by hiring an independent contractor and thereafter absolving itself of all responsibility. Appellant is a hauling company employing elevating dump-trailers, and we certainly cannot say as a matter of law the trial evidence established that appellant had no reason to know that its operations might occur in the vicinity of overhead power lines. Appellant's seventh point of error is overruled.

In its eighth, ninth and tenth points of error, appellant contends that the trial court erred by submitting Special Issues Twelve through Eighteen, which sought to determine appellant's liability for contribution in the event that the jury found Fruehauf liable on a products liability theory. The jury's answers to the special issues established generally that the dump trailer was unreasonably dangerous; that appellant knew of the danger and failed to use reasonable care to warn of the defective condition; and that the failure to warn was a proximate cause of the accident. Appellant concedes, however, that the jury's answers to these special issues were ignored and that no liability for a defective product was assessed against it. The action complained of is immaterial and therefore harmless. *Kraus v. Spencer*, 620 S.W.2d 640 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Harmless error will not support the reversal of a judgment. *King Optical v. Automatic Data Processing of Dallas, Inc.*, 542 S.W.2d 213 (Tex.Civ.App. —Waco 1976, writ ref'd n.r.e.). Appellant's eighth, ninth and tenth points of error are overruled.

We also overrule appellant's eleventh point of error in which it complained of the trial court's action in denying indemnity from Fruehauf if appellant was found liable in Special Issues Twelve through Eighteen; since Fruehauf was not found

liable under these issues, the trial court did not err by not ordering indemnification.

In its twelfth point of error, appellant contends that, under TEX.REV.CIV.STAT. ANN. art. 2212a, it was entitled to a $28,-200 credit in the judgment because Walker Construction settled with appellee. In its thirteenth point of error, appellant contends that the trial court erred by allowing settling defendant Heldt Trucking a credit in the judgment, which increased the amount of the judgment against Texas Hauling in accordance with article 2212a.

■■■ Appellee originally settled with the Electric Company for $150,000, plus an assignment of its cause of action against Walker Construction and Heldt Trucking. Before trial, appellee settled the Electric Company's cause of action against Walker Construction for $15,000, plus a waiver of a remaining compensating lien of $13,200—a total of $28,200. Appellant argues that it is entitled to a credit in the judgment for this amount under article 2212a. However, Walker Construction was appellee's employer, and appellant is not entitled to a credit for such a settlement. *Varela v. American Petrofina Company of Texas*, 658 S.W.2d 561 (Tex.1983). Appellant's twelfth point of error is overruled.

■■■ The jury awarded appellee $925,-000. The trial court then subtracted the dollar amount of appellee's negligence and the Electric Company's settlement before computing the liability of Heldt Trucking, which was also subtracted from the amount to be owed by appellant, Mendoza and Fruehauf. Appellant contends that, because Heldt Trucking settled, its percentage of liability should have been computed *before* the amount of the Electric Company's settlement was subtracted. We find no support for this argument. The plain language of article 2212a § 2(d) allows *each* remaining defendant a reduction in liability. Appellant's thirteenth point of error is overruled.

Appellant also filed an "amended brief" in which it asserts seven "reply" points and five "amended" points of error. The argu-ments raised in that brief present overlapping contentions or different shades of previously presented points of error which have been previously resolved.

All points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.

BENAVIDES, SEERDEN and DORSEY, JJ., not participating.