Rose WHITEHEAD, Appellant,

v.

AMERICAN INDUSTRIAL TRANSPOR-
TATION, INC. and H.B. Armstrong,
Jr., Appellees.

No. 9554.

Court of Appeals of Texas,
Texarkana.

Jan. 26, 1988.

Rehearing Denied Feb. 23, 1988.

Paul L. Sadler, Welborn, Houston, Adki-
son, Mann & Sadler, Henderson, for
appellant.

Johnny R. McCollum, Sharp, Ward, Price
& Searcy, Longview, for appellee American
Ind. Transp.

R. Daryll Bennett, Longview, for appel-
lee H.B. Armstrong.

CORNELIUS, Chief Justice.

Joseph Vickers, Jr., a minor, was killed in
a job-related accident while employed by
American Industrial Transportation, Inc.
(AIT), a subscriber under the Workers'
Compensation Act.[1]  Joseph's mother, Mrs.
Rose Whitehead, brought suit against AIT
under the Wrongful Death Statute,[2] alleg-
ing that his death was the result of AIT's
gross negligence.  The district court grant-
ed AIT's motion for summary judgment on
the ground that the suit was barred by the
workers' compensation statutes.

The Workers' Compensation Act provides
that employees and parents of employees,
as well as beneficiaries and representatives
of deceased employees, shall have no right
of action for damages against a subscriber
employer for personal injuries or death
arising from on-the-job accidents, but shall
look solely to the association for workers'
compensation benefits, unless the employee

1. Tex.Rev.Civ.Stat.Ann. arts. 8306, et seq. (Ver-
non 1967 & Supp.1988).

2. Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001, et
seq. (Vernon 1986).

has reserved his rights to a negligence action under other statutes or the common law. Tex.Rev.Civ.Stat.Ann. art. 8306, § 3.[3] The employee may reserve his right to a common law or other statutory action by giving proper written notice to his employer. Failure to give the required notice constitutes a waiver. Tex.Rev.Civ.Stat. Ann. art. 8306, § 3a. Any employee who has not waived his rights to such an action "shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this State, . . . ." Id. The parents of a deceased employee are "beneficiaries" under the Workers' Compensation Act. Tex.Rev.Civ. Stat.Ann. art. 8306, § 8a.

Joseph Vickers, Jr. did not give the notice required by the statute, and the district court rendered summary judgment on the basis that his rights to a common law or statutory negligence action had been waived.[4] Mrs. Whitehead contended that, because of the legal disability attached to minority, the waiver provision of Article 8306, § 3 should be construed not to apply to minors, and alternatively that if the waiver provision does apply to minors it is unconstitutional because it denies them due process of law and access to the courts as guaranteed by U.S. Const. amend. XIV and Tex. Const. art. I, § 13. If the waiver provision was not effective as to Joseph Vickers, Jr., Mrs. Whitehead could maintain her wrongful death action pursuant to the provisions of Section 3a.

Because we find that the waiver provision does apply to minors, and that Mrs. Whitehead has failed to show by summary judgment evidence that the provision is unconstitutional as applied to her son, we affirm the take-nothing summary judgment.

■ It is clear that the Legislature intended the workers' compensation statutes to apply to minors. Several sections of the Act specifically refer to minors (see, e.g., Tex.Rev.Civ.Stat.Ann. art. 8306, §§ 3, 13), and the courts have consistently ruled that minors are employees for the purposes of the Act and are governed by its provisions. Martin v. Southland Corporation, 463 S.W.2d 471 (Tex.Civ.App.—Dallas 1971, writ ref'd); Haskins v. Cherry, 202 S.W.2d 691 (Tex.Civ.App.—Dallas 1947, writ ref'd); Houston Pipe Line Co. v. Beasley, 49 S.W. 2d 950 (Tex.Civ.App.—Galveston 1932, no writ); Maryland Casualty Co. v. Scruggs, 277 S.W. 768 (Tex.Civ.App.—Amarillo 1925, writ ref'd); see also, Magnolia Petroleum Co. v. Turner, 188 Ark. 177, 65 S.W.2d 1 (1933).

In many instances the law exempts minors from its strict requirements, affording them extraordinary protection. Those concessions exist, however, not because they are mandated by the Constitution, but because for the most part they are created by statutes. Those concessions represent policy decisions by the Legislature as it has sought to promote the best interests of a protected class. Likewise, by the workers' compensation statutes, the Legislature has sought to promote the best interests of minors and adults by providing them with speedy and certain compensation for job-related injuries, regardless of their employer's liability, in lieu of the difficult and often uncertain negligence actions. Lebohm v. City of Galveston, 154 Tex. 192, 275 S.W.2d 951 (1955); Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916). Bringing minors within the Act and subjecting them to its options, then,

---

3. Tex. Const. art. XVI, § 26, and the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, § 5, preserve the right of spouses and heirs of a deceased worker to recover exemplary damages for the death of the worker due to gross negligence, but a parent is not an "heir" under those provisions. Castleberry v. Goolsby Building Corp., 608 S.W.2d 763 (Tex.Civ.App.— Corpus Christi 1980), aff'd, 617 S.W.2d 665 (Tex. 1981).

4. AIT argues in its brief that Mrs. Whitehead also was barred from maintaining this action because she applied for and accepted workers' compensation benefits, thereby waiving her right to a wrongful death action. See Massey v. Armco Steel Co., 652 S.W.2d 932 (Tex.1983). However, the record shows and AIT's counsel conceded at oral argument that this basis for summary judgment was not raised in AIT's motion for summary judgment, so it cannot be relied upon here. Tex.R.Civ.P. 166a(c).

was also a policy determination by the Legislature. Such a determination will not be invalidated by the courts unless it is clearly arbitrary, capricious, or violative of constitutional guarantees.

■ We agree with Mrs. Whitehead's argument that due process and the Texas Open Courts provisions require that before any person may be deprived of a right of action by reason of a statutorily imposed personal election, that person must be afforded a reasonable opportunity to make the election in a meaningful way and at a meaningful time. U.S. Const. amend. XIV; Tex. Const. art. I, § 13; *also, see generally, Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sax v. Voetteler,* 648 S.W.2d 661 (Tex.1983).

■ Except as to rights already vested, the Legislature could have completely abrogated negligence actions against employers and unequivocally substituted workers' compensation benefits had it chosen to do so. *Middleton v. Texas Power & Light Co.,* supra. But having given employees the option to waive those benefits and retain their right to negligence actions by exercising a personal choice, it must also give those employees a reasonable opportunity to make that choice at a meaningful time and in a meaningful way. Upon this premise, Mrs. Whitehead posits the proposition that minors are incapable of making an intelligent election, and for that reason the waiver provision is constitutionally infirm.

It is settled, however, that one may not attack the constitutionality of a statute unless he is injuriously affected by its operation. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Moody v. State,* 538 S.W.2d 158 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), *cert. denied,* 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978). Persons are not totally lacking in intelligence and judgment merely because they are under the age of legal majority, which in Texas is eighteen years. Assuredly, there are persons under eighteen who possess sufficient judgment and experience to exercise an intelligent choice with respect to their coverage under the workers' compensation law. That being true, a determination of whether a particular individual is denied an opportunity to choose his legal remedy "at a meaningful time and in a meaningful way" depends on that person's age, experience, maturity and judgment.

Joseph Vickers, Jr. was seventeen years old when he began his employment with AIT. Mrs. Whitehead's affidavit opposing summary judgment asserted only that he was a minor. She did not allege that he personally did not have sufficient capacity or knowledge to make a meaningful decision. Thus, she failed to show standing to attack the statute because she did not demonstrate that in its operation it adversely affected her. She cannot defeat the statute on the basis that other persons would be harmed by it. To sustain her constitutional challenge under the circumstances here, we would be required to find that persons under eighteen, regardless of their age or experience, are incapable as a matter of law of making an intelligent choice concerning their right to compensation for injuries. This we are unwilling to do. The Legislature may exempt all persons under eighteen years from the waiver provisions of the Act if it desires, but the Constitution, in our judgment, does not require it.

As Mrs. Whitehead's summary judgment evidence did not allege that her son gave the required nonwaiver notice, or that he lacked sufficient knowledge, experience and judgment to make a meaningful choice concerning his workers' compensation benefits, summary judgment was properly granted, and the judgment is affirmed.