**The STATE of Texas, State,**

v.

**William James KREIDER, III, Appellee.**

**Individually and as Next Friend for Elizabeth M. Kreider and Kathryn M. Kreider, Minors.**

No. 2–00–226–CV.

Court of Appeals of Texas, Fort Worth.

April 12, 2001.

John Cornyn, Atty. Gen. of TX, Andy Taylor, 1st Atty. Gen., Linda S. Eads, Dep. Atty. Gen., Gregory S. Coleman, Sol. Gen., Grady Click, Jack F. Gilbert, Asst. Atty. Gens., Austin, for Appellant.

Timothy M. Fults, Dallas, for Appellee.

Panel B: LIVINGSTON, HOLMAN and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. Introduction

In this interlocutory appeal, we must determine an issue of first impression, namely whether minors suing the State of Texas are excused from compliance with the six-month presuit notice requirement of section 101.101 of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 1997). We hold that they are not.

### II. Factual Background

On December 28, 1999, Appellee William Kreider, III (Kreider), individually and on behalf of his two minor daughters, Elizabeth and Kathryn Kreider, filed suit against the State of Texas in the 158th District Court of Denton County. Accord-

ing to Kreider's original petition, he lost control of the vehicle in which his two minor daughters were passengers, veered into oncoming traffic, and had a head-on collision with another vehicle. Kreider alleged that the accident was caused by a special defect in the road surface for which Appellant, the State of Texas (State), through the Texas Department of Transportation as its governmental unit, should be held responsible. Kreider further alleged that, as a result of the accident, he and his daughters sustained serious injuries.

In its initial response to Kreider's original petition, the State asserted sovereign immunity from both suit and liability and generally denied the allegations contained in Kreider's petition. The State also included a plea to the jurisdiction in which it asserted that Kreider's claims were barred under section 101.101 of the Texas Tort Claims Act (the Act) for his failure to comply with the Act's six-month presuit notice requirement. *Id.*

The State's supplemental plea to the jurisdiction established that the date of the accident giving rise to Kreider's claim was March 14, 1998, and that Kreider's lawsuit was not filed until December 28, 1999. The service of citation on the Texas Secretary of State occurred on January 5, 2000, and, according to the State, was the first and only notice that it received regarding Kreider's claim. The affidavit attached to the State's supplemental plea to the jurisdiction asserted that it received no actual or formal notice within six months of the accident. Kreider did not dispute these facts. Rather, Kreider's counsel contended that Kreider's minor daughters were not required to abide by the six-month notice requirement in the Act because of their minority.

After hearing the motion, evidence, and arguments of counsel, the trial court partially granted the State's plea to the jurisdiction on the basis that the lack of notice barred the action of William Kreider, but ruled as a matter of law that his minor daughters were not required to abide by the Act's notice requirement. It is from this partial denial of its plea that the State seeks interlocutory appellate review.[1]

### III. DISCUSSION

The State asserts that the trial court erred in only partially granting its plea to the jurisdiction. We must determine whether the trial court was in error by ruling that, as a matter of law, minors are exempted from the six-month presuit notice requirement of section 101.101.

### A. *Standard of Review*

Whether a trial court has subject matter jurisdiction is a legal question that is reviewed by this court *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Denton County v. Howard*, 22 S.W.3d 113, 118 (Tex.App.—Fort Worth 2000, no pet.). A plea to the jurisdiction contests the authority of a court to determine the subject matter of the cause of action. *Dolenz v. Tex. State Bd. of Med. Examiners*, 899 S.W.2d 809, 811 (Tex.App.—Austin 1995, no writ). The plea raises incurable defects in jurisdiction that are shown on the face of a plaintiff's pleadings, taking the pleadings' allegations as true. *Id.* (citing *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960)). If well taken, the trial court must sustain the plea and dismiss the cause. *Id.* (citing *Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967)).

1. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2001).

## B. Statutory Interpretation

Section 101.101 of the Act requires notice as follows:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

. . . .

(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.101.

■ We must determine whether minors are excused from compliance with the notice requirement of section 101.101. Texas Supreme Court jurisprudence mandates that we enforce the plain meaning of an unambiguous statute. *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex.2000). If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aids to construe it. *Id.* Whether a statute is ambiguous is a question of law. *Retama Dev. Corp. v. Tex. Workforce Comm'n*, 971 S.W.2d 136, 139 (Tex.App.—Austin 1998, no pet.). Ambiguity exists if reasonable persons can find different meanings in the statute. *Teleprofits of Tex., Inc. v. Sharp*, 875 S.W.2d 748, 750 (Tex.App.—Austin 1994, no writ).

We have previously recognized that the language contained in this particular notice provision is plain and unambiguous. *Putthoff v. Ancrum*, 934 S.W.2d 164, 174 (Tex.

App.—Fort Worth 1996, writ denied); *see also Streetman v. Univ. of Tex. Health Science Ctr.*, 952 S.W.2d 53, 55 (Tex. App.—San Antonio 1997, writ denied); *Univ. of Tex. Med. Branch v. Greenhouse*, 889 S.W.2d 427, 430 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Sanford v. Tex. A & M Univ.*, 680 S.W.2d 650, 652 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.) (holding "plain, mandatory and compelling wording" of the statute provides "clear mandate" to give notice within six months). Therefore, we are duty bound to enforce its plain meaning.

## C. Nature of Notice Requirement as Jurisdictional

■ Texas has long recognized that sovereign immunity, unless waived, protects the State, its agencies, and officials from lawsuits for damages. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Under the Act, the Legislature has waived sovereign immunity only in certain limited and narrow circumstances. *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996). Section 101.025 of the Act provides that "sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997).

The Texas Supreme Court has held that, "[o]nce a plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he is also bound by the limitations and remedies provided in the statute." *State Dep't of Highways & Pub. Transp. v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992).

■ To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must fully comply with all the provisions of the Act. *See Lamar Univ. v. Doe*, 971 S.W.2d 191, 197 (Tex.App.—Beaumont 1998, no

pet.); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.); *Putthoff*, 934 S.W.2d at 173. Compliance with the notice provisions of section 101.101 of the Act is a jurisdictional prerequisite to a waiver of sovereign immunity under the Act. *Brown v. City of Houston*, 8 S.W.3d 331, 337 (Tex.App.—Waco 1999, pet. denied); *Putthoff*, 934 S.W.2d at 173. Accordingly, failure to give notice under section 101.101 precludes the waiver of sovereign immunity from suit. *Putthoff*, 934 S.W.2d at 174.

Although not cited by the State, we note that the Dallas Court of Appeals has held that notice under the Act is not jurisdictional. *Stanton v. Univ. of Tex. Health Sciences Ctr.*, 997 S.W.2d 628, 629 (Tex. App.—Dallas 1998, pet. denied). In reaching its holding, the Dallas court relied upon the Texas Supreme Court's decision in *Essenburg v. Dallas County*, 988 S.W.2d 188 (Tex.1998). However, the *Essenburg* case did not deal with the Act's notice provisions or even mention them. The supreme court held in *Essenburg* that the requirement that notice of a claim must be given at least sixty days before filing suit, as provided by former section 81.041(a) of the Texas Local Government Code,[2] was not a jurisdictional prerequisite to maintaining a cause of action against a county. *Essenburg*, 988 S.W.2d at 189.

The notice requirement of section 101.101 of the Act is defined in terms of the date of the injury. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101. In contrast, the presentment requirement of section 81.041(a) of the local government code is defined in terms of the date suit is filed. In this respect, section 81.041 is more comparable to the Medical Liabilities Act and the DTPA than to the Act. *County of*

*Bexar v. Garcia*, 974 S.W.2d 107, 110 (Tex. App.—San Antonio 1998, no pet.) (comparing TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2001) [stating that notice of claim must be given sixty days before filing suit] *and* TEX. BUS. & COM.CODE ANN. § 17.505(a) (Vernon Supp.2001) [stating that written notice of claim must be given sixty days before filing suit] *with* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 [stating that notice of claim must be given within six months of injury] ).

 Accordingly, the failure to comply with the notice provisions in the Medical Liabilities Act and the DTPA can be cured by abatement of the cause of action for the duration of the statutory notice period. *Id.* at 110–11; *see also Hines v. Hash*, 843 S.W.2d 464, 468–69 (Tex.1992) (holding that purpose of DTPA notice provision is to discourage litigation and encourage settlement, and therefore case should be abated, not dismissed, to correct failure); *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex.1983) (holding that purpose of the notice provision is to encourage presuit negotiations and avoid excessive costs of litigation, and that purpose can be accomplished by abatement).

 Like a failure to comply with the notice provisions of the Medical Liabilities Act and the DTPA, a failure to comply with section 81.041 can also be cured by abatement because the statutory time frame is tied to and dependent upon the date suit is filed. *See Garcia*, 974 S.W.2d at 111. The notice requirement of section 101.101 of the Act, however, by providing a statutory time frame that is tied to the date of injury, cannot be cured by abatement except in the unlikely event that suit is filed and the mistake is discovered with-

---

**2.** Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 793, *recodified by* Act of April 23, 1999, 76th Leg.,

R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 127, 340 (current version at TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2001)).

in the six-month time frame from the date of injury. *Id.* at 110.

We disagree with the Dallas Court of Appeals' conclusion in *Stanton* that the notice requirement of section 101.101 is comparable to the presentment requirement of section 81.041 of the local government code. *Stanton*, 997 S.W.2d at 629. Rather, we believe we are compelled to follow the well-settled case law holding that compliance with the notice requirement of section 101.101 is a jurisdictional prerequisite to a waiver of sovereign immunity under the Act. *Dopyera*, 834 S.W.2d at 54; *Streetman*, 952 S.W.2d at 55; *Putthoff*, 934 S.W.2d at 174; *Reese v. Tex. State Dep't of Highways*, 831 S.W.2d 529, 530–31 (Tex.App.—Tyler 1992, writ denied); *Kamani v. Port of Houston Auth.*, 702 F.2d 612, 615 (5th Cir.1983).

### D. Application of Section 101.101 to Minors

■■■ We believe that the language of section 101.101, the purpose of its notice requirement, and Texas case law construing that statutory provision require the conclusion that all persons asserting a purely statutory cause of action under the Act, including minors, must fully comply with its six-month presuit notice requirement.

First, there is no language in the statute providing for any type of extension or tolling of the six-month notice limitation. *Id.* The Legislature could have expressly provided for an extension or tolling of the notice limitation of the Act as it did in the DTPA. TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987); *cf. Whitehead v. American Indus. Transp., Inc.*, 746 S.W.2d 273, 274 (Tex.App.—Texarkana 1988, writ denied) (noting absence of statutory language providing minority exception supported holding notice provision of Texas Workers' Compensation Act applicable to

minors). However, no such provision was included in the Act.

Second, there is a strong policy rationale behind requiring a claimant under the Act to comply with the notice requirement. The Texas Supreme Court has described the purpose for the mandatory notice requirements of section 101.101 as follows:

The purpose of the "notice of claim" requirement, as recognized by this Court, is to ensure a prompt reporting of claims to enable the [State] to investigate while facts are fresh and conditions remain substantially the same. Such opportunity to investigate, predicated upon timely reporting of claim of injury, enables the [State] to gather the information needed to guard against unfounded claims, settle claims and prepare for trial.

*City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981); *Putthoff*, 934 S.W.2d at 173–74; *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 251 (Tex.App.— Houston [1st Dist.] 1995, writ dism'd w.o.j.).

Finally, Texas courts have consistently refused to extend the notice period of the Act to situations where plaintiffs have claimed some other legal disability. It has been held that disability and mental incompetency will not abrogate the statutory notice requirements of the Act. For example, we have previously held that the discovery rule does not extend the six-month notice requirement of the Act. *Putthoff*, 934 S.W.2d at 174 (citing *Greenhouse*, 889 S.W.2d at 431–32; *Sanford v. Tex. A & M Univ.*, 680 S.W.2d at 652); *see also Streetman*, 952 S.W.2d at 56. In *Streetman*, the San Antonio Court of Appeals held as follows:

Although we ... believe the result is unfair, we must note that appellants' cause of action exists solely by virtue of the [Act], which waives sovereign immu-

nity under certain circumstances; but for the statute, the doctrine of sovereign immunity would have prohibited this suit. Being bound by the procedural devices in the statute, appellants must strictly comply with the notice provision. Despite the effect on appellants' special situation, we have no alternative but to defer to the legislature for any statutory changes designed to permit the application of the discovery rule [to the notice provision of the Act].

*Streetman,* 952 S.W.2d at 56 (citations omitted).

Kreider cites several Texas cases in which a notice requirement was allowed to be extended or tolled. *See Alvarado v. City of Lubbock,* 685 S.W.2d 646, 649 (Tex. 1985); *McCrary v. City of Odessa,* 482 S.W.2d 151, 153 (Tex.1972); *Dinh,* 896 S.W.2d at 251; *City of Denton v. Mathes,* 528 S.W.2d 625, 635 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *City of Lubbock v. Onley,* 498 S.W.2d 429, 430 (Tex. Civ.App.—Amarillo), *aff'd per curiam,* 506 S.W.2d 208 (Tex.1973). Those cases are distinguishable.

In *Dinh,* the plaintiff argued that mental incompetency excused compliance with the Act's notice requirement under the open courts provision of the Texas Constitution, citing to some of the same cases cited by the State that involve city charter notice requirements. 896 S.W.2d at 251–52 (citing, e.g., *Alvarado,* 685 S.W.2d at 649; *McCrary,* 482 S.W.2d at 153). The *Dinh* court noted that, to establish an open courts violation, a party must prove that (1) they have a well recognized common-law cause of action that is being restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the purposes of the statute. *Id.* at 251. Applying these principles, the court in *Dinh* recognized that a mental incompetent's lawsuit against the State was a "statutory cause of

action that exist[ed] solely by virtue of the Act" and held that the notice provision of the Act "does not violate the open courts provision even when applied to those suffering from a mental incompetency." *Id.* at 252. The court further held that, "Dinh, by bringing a claim against the Hospital under the Act, is bound by the notice provision, which does not excuse or toll the time period for those suffering from mental or physical incapacity." *Id.* The *Dinh* court recognized that the holdings of cases involving city charter notice requirements in suits against municipalities are constitutionally based on the open courts doctrine, whereas a suit against the State is a purely statutory cause of action. *Id.* The *Dinh* court articulated the distinction as follows:

The courts created notice exemptions because the right to recover from a municipality is a common-law cause of action to which the open courts provision applies. As discussed above, the right to recovery from the State is a statutory cause of action to which the open courts provision is not applicable. Thus, *the exemptions to the Act's notice requirement are limited to claims against municipalities.* See *Greenhouse,* 889 S.W.2d at 431.

*Id.* (additional citations omitted) (emphasis added).

▉ The difference between the governmental immunity provided to municipalities versus that provided to the State supplies further support for our conclusion that the cases cited by Kreider are inapplicable to the present case. Municipalities have immunity from *liability* for claims based on governmental functions except as waived by the Act. *City of Texarkana v. Taylor,* 490 S.W.2d 191, 192 (Tex.Civ. App.—Texarkana 1972, writ ref'd n.r.e.). Immunity from liability is not a jurisdictional issue. *Southwest Airlines Co. v.*

*Tex. High–Speed Rail Auth.,* 867 S.W.2d 154, 158 n. 6 (Tex.App.—Austin 1993, writ denied). However, unlike the State, municipalities do not have immunity from *suit,* which is a jurisdictional issue. TEX. LOC. GOV'T CODE ANN. §§ 51.013, .033, .051, .052, .075 (Vernon 1999); *Morris v. Collins,* 916 S.W.2d 527, 531 (Tex.App.—Houston [1st Dist.] 1995, no writ) (concurring opinion).

■■■ Because this case involves a statutory cause of action against the State, we believe that the notice requirement in the Act is absolute and must be complied with by any party, including a minor, seeking to avail itself of the State's limited waiver of sovereign immunity from suit. Although our result is a harsh one, there is no constitutional or statutory basis for us to grant an exception to the Act's notice requirements. *See Public Util. Comm'n v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988); *see also Streetman,* 952 S.W.2d at 56. Consequently, we hold the trial court erred by ruling as a matter of law that Kreider's minor daughters were not required to comply with the six month pre-suit notice provision of the Act. We sustain the State's sole issue on appeal.

### III. CONCLUSION

Having sustained the State's sole issue, we reverse that portion of the trial court's judgment that denies the State's plea to the jurisdiction regarding Kreider's minor daughters. We render judgment granting the remainder of the State's plea to the jurisdiction and dismissing the suit against the State on the ground that Kreider failed to give the State proper notice of his daughters' claims under section 101.101 of the Act, thereby precluding the State's waiver of sovereign immunity from suit and depriving the trial court of subject matter jurisdiction.

LIVINGSTON, J., filed a concurring and dissenting opinion.

LIVINGSTON, Justice, concurring and dissenting.

I respectfully dissent from that portion of the majority opinion that holds there is no tolling provision applicable to the Texas Tort Claims Act's six-month presuit notice requirement for minors. While I concur with the majority's holding that the presuit notice is mandatory and, therefore, a jurisdictional prerequisite to waiver of sovereign immunity under the Act, I cannot agree with the conclusion that the pre-suit notice period is not tolled during the minority of a claimant.

The State contends all the cases tolling the presuit notice requirement for minors or those with disabilities are based solely on the open courts provision of our constitution—a right that only applies to causes of action grounded in our common law, as opposed to statutory causes of action. The State also contends that since the Act creates a cause of action against the State that otherwise does not exist, there is no basis for tolling the pre-suit notice provision during the claimant's minority. To support its position, the State points out the different treatment of wrongful death claims as opposed to survival claims.

Historically, our courts have not tolled the statute of limitations for minors with wrongful death claims but have tolled it for minors with survival actions. *Gross v. Kahanek,* 3 S.W.3d 518, 521 (Tex.1999). Wrongful death actions did not exist at common law, and therefore any notice provisions relative to such claims are always upheld. *Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex.1998).

However, the Act is not a cause of action. It is a statute that creates a limited waiver of immunity for claims against the State based on causes of action that otherwise might exist at common law, to the

extent they fit within the types of claims defined by the Act. Here, the appellees' cause of action is a common-law claim of negligence based on a theory of premises liability. I believe it is inconsistent to toll a statute of limitations for a particular cause of action due to a disability, yet enforce a presuit notice requirement during that disability that results in loss of a claim that would otherwise exist. Because the appellees' cause of action is rooted in our common law, I believe failing to toll the presuit notice requirement during a claimant's minority is a violation of the open courts doctrine. Enforcing the presuit notice provision results in forfeiture of a claim the minor appellees would otherwise be able to pursue. For these reasons, I would affirm the trial court's judgment.