COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

NUMBER 13-03-222-CV

THE CITY OF ALTON,                                                       Appellant,
 
v.

SHARYLAND WATER SUPPLY CORPORATION,                     Appellee.
__________________________________________________________________

NUMBER 13-03-501-CV

TURNER, COLLIE & BRADEN, INC., ET AL.,                        Appellants,

v.

SHARYLAND WATER SUPPLY CORPORATION,                     Appellee.
__________________________________________________________________

On appeal from the 206th District Court
of Hidalgo County, Texas
__________________________________________________________________

                              O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
This opinion consolidates the holding of the Court in two related interlocutory
appeals, City of Alton v. Sharyland Water Supply Corp., No. 13-03-222-CV and Turner,
Collie & Braden, Inc. et al. v. Sharyland Water Supply Corp., No. 13-03-501-CV. Because
the two appeals arose from the same underlying transaction and involved interrelated
causes of action and defenses, this Court consolidated the cases on March 4, 2004. Tex.
R. App. P. 43.6; Tex. R. Civ. P. 174(a). 
In City of Alton v. Sharyland Water Supply Corp., appellant, City of Alton, brings an
interlocutory appeal of the trial court’s denial of its plea to the jurisdiction in a case arising
from a dispute with appellee, Sharyland Water Supply Corporation, over the installation of
Alton’s sanitary sewer residential service connections. Alton complains that the trial court
erred in denying its plea to the jurisdiction because its immunity from suit as a
governmental entity has not been waived. We affirm in part and reverse in part to give
Sharyland an opportunity to amend its pleadings. 
In the related, consolidated case, Turner, Collie & Braden, Inc., et al. v. Sharyland
Water Supply Corp., appellants, Turner, Collie & Braden, Inc., Cris Equipment Company,
and Carter & Burgess, Inc. (“Turner and Cris”) appeal the denial of their joint plea to the
jurisdiction as third-party defendants in the Alton-Sharyland dispute. Turner and Cris
complain that the trial court erred in denying their plea to the jurisdiction which was based
upon the sovereign immunity of Alton. We affirm the judgment of the trial court.
Background
Sharyland is a nonprofit, member-owned water supply corporation. Sharyland has
provided water to Alton under a “Water Supply Agreement” since Alton’s incorporation in
1982. In exchange for Sharyland’s promise to supply it with water, Alton conveyed its
newly-constructed water distribution system to Sharyland and delegated to it the authority
to set rates and regulate the operation of the system. 
In addition to the supply and distribution of water for residential use, Alton required
the installation of a sanitary sewer system. Alton contracted with Turner, Cris and other
subcontractors to begin work on a plan for waste water collection improvements. As a part
of this plan, lateral pipes were laid that extended from individual residences into larger
main lines. Many of these lateral pipes were installed so that they crossed over the pipes
previously laid as a part of the water distribution system now owned by Sharyland. 
Sharyland became concerned about the close proximity of the pipes in the two systems,
and claimed that the points where lines cross over each other were not properly
constructed as required by the Texas Administrative Code. See 30 Tex. Admin. Code §
317.13(1) (2003) (Texas Commission Environmental Quality, Design Criteria for Sewerage
Systems). Sharyland also conducted tests of the substrate around these intersection
points and claims that sewage is leaking from Alton’s sewer lines, contaminating the soil
and groundwater around Sharyland’s water lines. 
Sharyland brought suit against Alton, alleging negligence and breach of contract and
requesting both injunctive and declaratory relief. Alton responded by filing a motion for
summary judgment based on the official immunity of its employees. The trial court denied
this motion; on appeal, this Court upheld the denial of the motion for summary judgment. 
City of Alton v. Sharyland Water Supply Corp., No. 13-02-114-CV, 2003 Tex. App. LEXIS
1611, at *1 (Corpus Christi Feb. 20, 2003, no pet.) (memorandum opinion).
On October 24, 2000, Alton added appellants Turner and Cris, as well as appellant,
Carter & Burgess, Inc., and Grab Pipeline Services, Inc., as third-party defendants. These
parties were all contractors involved in the construction of the sewer system. Sharyland
then amended its pleadings to additionally assert claims against these parties, specifically
asserting negligence and breach of contract as a third-party beneficiary to the Alton-contractors’ contracts. 
On March 20, 2003, Alton filed a plea to the jurisdiction, asserting immunity from suit
based on the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.025
(Vernon 1997). On April 2, 2003, Turner filed a plea to the jurisdiction, asserting Alton’s
immunity from suit under contract law. Cris and Alton also eventually joined in Turner’s
plea.
On April 21, 2003, Alton’s initial plea to the jurisdiction was denied by the trial court. 
Alton immediately made its interlocutory appeal to this Court. Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2004). Specifically, Alton asserts that (1) the trial court
does not have jurisdiction because Alton’s immunity from suit has not been waived; (2) the
trial court does not have jurisdiction because the contract between Alton and Sharyland is
void; and (3) the trial court does not have jurisdiction over the contract because the City’s
immunity has not been waived by the contract. Both Alton and Sharyland filed briefs in
this case that refer to the claim of immunity under contract law raised in the
Turner/Cris/Alton plea to the jurisdiction that was at the time still under consideration by the
trial court. 
On August 13, 2003, the Turner/Cris/Alton plea to the jurisdiction was denied, and
Turner and Cris made their interlocutory appeal to this Court. Id. In their appeal, Turner
and Cris assert that under principles of contract law, Alton is immune from suits of this
nature, and, as contractors for Alton, they share this immunity. The subsequent
consolidation of these cases and rule 27.2 of the appellate rules of procedure allow this
Court to fully consider the arguments raised in both appeals. Tex. R. App. P. 27.2. 
Plea to the Jurisdiction
A party may submit a plea to the jurisdiction in order to assert that it enjoys
sovereign immunity from suit and therefore is not properly within the subject matter
jurisdiction of the trial court. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)
(per curiam). The limits of the trial court’s subject matter jurisdiction is a question of law
and subject to de novo review by the appellate court. Tex. Natural Res. Conservation
Comm’n v. IT-Daly, 74 S.W.3d 849, 855 (Tex. 2000). In a suit against a governmental unit,
the plaintiff must affirmatively demonstrate the court’s jurisdiction by alleging a valid waiver
of immunity. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To
determine if the plaintiff has met that burden, “we consider the facts alleged by the plaintiff
and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the
parties.” Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex.
2001). The court of appeals may look beyond the pleadings in this de novo review and
evaluate the jurisdictional evidence submitted by both parties. Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 555 (Tex. 2000). 
A plea to the jurisdiction asserts that the factual allegations in the plaintiff’s
pleadings, even when taken as true, fail to invoke the court’s jurisdiction. Texana Cmty.
MHMR Ctr. v. Silvas, 62 S.W.3d 317, 320 (Tex. App.–Corpus Christi 2001, no pet.). Thus,
a trial court must construe the plaintiff’s pleadings liberally in favor of jurisdiction. Id. 
However, the plaintiff ultimately bears the burden of alleging sufficient facts to demonstrate
that the trial court does indeed have jurisdiction to hear a case. Tex. Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does
not effectively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded an opportunity to amend. County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Peek v. Equip. Serv. Co., 779
S.W.2d 802, 805 (Tex. 1989). However, if the pleadings affirmatively negate the existence
of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend. Brown, 80 S.W.3d at 555. 
City of Alton
1. Immunity in Tort
We first address the denial of Alton’s plea to the jurisdiction. In its appeal, Alton
argues in two issues that it is immune from tort suits. 
Absent a waiver of governmental immunity, a court has no jurisdiction to entertain
a suit against a governmental unit. Jones, 8 S.W.3d at 638. One way to show that there
has been such a waiver is to allege that the claimed injury falls within a statute that waives
immunity for such an injury. Whitley, 104 S.W.3d at 542. 
The claims of negligence and breach of contract brought by Sharyland are based on
Alton’s alleged acts of property damage inflicted on Sharyland’s water distribution system. 
Under the Texas Tort Claims Act, a municipality may be held liable in tort for damages
caused in the carrying out of its governmental functions, including the operation of sanitary
sewers. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon 1997). However, it is not
enough to allege that such damages have occurred; it must also be shown that the
municipality has waived its governmental immunity from suit. City of Mission v. Cantu, 89
S.W.3d 795, 802 & n.8 (Tex. App.–Corpus Christi 2002, no pet.). Immunity from liability and
immunity from suit are two distinct principles. Immunity from suit will bar an action against
a municipality even when the municipality would be liable, unless waiver has been expressly
established through a statute or specific legislative permission. Jones, 8 S.W.3d at 638. 
          By statute, a governmental unit loses its immunity from suit for any property damage
proximately caused by the negligence or wrongful acts of employees of that governmental
unit, so long as the property damage arises “from the operation or use of a motor-driven
vehicle or motor-driven equipment.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon
1997). The terms “motor-driven vehicle” and “motor-driven equipment” are not defined in
the statute. It has, however, been previously held that “use” means “to put or bring into act
or service; to employ for a given purpose” and that the use of the equipment or vehicle must
have actually caused the injury for the statute to apply. White, 46 S.W.3d at 869. 
Sharyland argues on appeal that because there are motor-driven pumps within the sanitary
sewer system constructed by Alton and because motor-driven construction equipment such
as backhoes and trenchers were used in the allegedly negligent installation of the sewage
pipes, its property damage was in fact proximately caused by the operation and use of
motor-driven vehicles and equipment. Thus, according to Sharyland, Alton’s acts fall under
a section of the Texas Civil Practice and Remedies Code that waives Alton’s immunity from
suit. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). 
The allegations regarding use of motor-driven equipment in Sharyland’s most recent
petition against Alton refer to the pumps used within the system for the collection and
conveyance of sewage and to the earth-moving and construction equipment used to install
the lateral residential connections. While the pumps and equipment at issue may fall within
the common-sense, plain-language meaning of “motor driven equipment,” see White, 46
S.W.3d at 868, none of the evidence submitted by either party would tend to show that the
use or installation of the pumps is in any way related to the cause of property damage
alleged by Sharyland (i.e., the passive leakage of waste water into the surrounding
substrate from the lateral pipes that move sewage from residences into the main sewer
lines).


 Sharyland does not claim that these lateral residential connections are driven by
pumps. The electrified pumps, although integrated throughout the system, do not actively
drive the transportation of sewer water from the lateral pipes into the main lines; rather,
Alton alleges, they drive the collection and conveyance of sewage in the main lines
throughout the system. Sharyland does not dispute this fact anywhere in its filings to this
Court. 
Sharyland does argue that the operation of the pumps on the main lines serves to
increase the pressure and volume of flow of raw sewage in the lateral sewer lines that cross
Sharyland’s water lines. As Sharyland has described it, however, this is only an indirect
effect: whether the motorized pumps on the main lines were in operation or sitting
completely idle, they do not appear to control the continuous leakage of waste water out of
the lateral pipes. Waste water would be either moving through or collecting in the lateral
pipes regardless of the use of the pumps. Thus, the use of motor-driven equipment
elsewhere in the sewer system has not been adequately linked to the causation of the
property damage allegedly inflicted. In addition, the use of motor-driven backhoes and
trenchers did not cause the improper installation of pipes, nor did the use of such equipment
trigger the claimed episodes of leakage. 
Even construing the pleadings liberally in favor of jurisdiction, we can find only an
extremely tenuous connection between the “use of motor-driven vehicle or motor-driven
equipment” and the property damage alleged by Sharyland. The legal standard requires
a much more direct cause-and-effect relationship between the use of motor-driven
equipment and motors than the present pleadings reflect before immunity can be
considered waived. See White, 46 S.W.3d at 869-70. The requisite nexus between the
operation or use of the motor-driven equipment and the claimed property damage is lacking. 
Whitley, 104 S.W.3d at 543 (“This nexus requires more than mere involvement of property.
. . . Rather, ‘the [vehicle]’s use must have actually caused the injury.’” (citations omitted)). 
In its current petition, Sharyland has not adequately demonstrated that Alton caused
property damage through the use of motor-driven equipment or vehicles. 
Sharyland has failed in its current petition to plead torts with which Alton can be
charged. However, this does not foreclose Sharyland from asserting tort-based claims
against Alton. As this Court has previously noted, “Only where the court can see from the
allegations of a pleading that, even by amendment, no cause of action can be stated
consistent with the facts alleged that it can be said that the court is without jurisdiction.” 
Ramirez v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex. App.–Corpus
Christi 1995, no writ) (citing Byhee v. Fireman’s Fund Ins. Co., 331 S.W.2d 910, 917 (Tex.
1960)) (emphasis added). If a petition fails to establish jurisdictional facts but does not
demonstrate incurable defects, the party is to be given an opportunity to amend its petition. 
See Brown, 80 S.W.3d at 555. 
While the current petition fails to overcome the “motor driven vehicles or equipment”
requirement in the Texas Tort Claims Act, Sharyland’s pleadings do not affirmatively
demonstrate an incurable jurisdictional defect, but merely a pleading deficiency. See id. 
We believe Sharyland can amend its pleadings consistent with the facts alleged by
specifically linking the causation of its damages to Alton’s use of the motorized pumps and
may thereby overcome this jurisdictional hurdle.
Accordingly, we reverse and remand to the trial court on this issue so the plaintiff can
be provided the opportunity to amend its pleadings. See Brown, 80 S.W.3d at 559. 
2. Immunity in Contract
Sharyland also asserts breach of contract claims against Alton, which Alton defends
on two grounds: (1) the underlying contract is void; and (2) Alton is immune from breach
of contract claims. 
Alton claims that its contract with Sharyland is void on three grounds: (1) the contract
is for an indefinite period and is therefore void; (2) the contract improperly delegates the
city’s rate-making authority in violation of law and is therefore void; and (3) the contract
transferred the water system to Sharyland without a vote contrary to statute and is therefore
void. However, because it makes no difference to the immunity analysis whether the
underlying contract is void, we decline to address these arguments. See Tex. A&M Univ.
Kingsville v. Lawson, 87 S.W.3d 518, 523 (Tex. 2001) (“Immunity from suit does not turn
on the validity of the . . . agreement sued on.”). Further, the Texas Supreme Court has
found that arguments as to the validity or voidness of contracts are inappropriately raised 
on interlocutory appeals from pleas to the jurisdiction, and should be addressed instead in
further proceedings. See id. In light of this, we focus our analysis only on the question of
Alton’s contractual immunity and do not address the arguments on voidness. 
There are again two elements in establishing waiver: waiver of immunity from liability
for breach of contract and waiver of immunity from suit under the contract. See Travis
County v. Pelzel & Assocs., 77 S.W.3d 246, 248 (Tex. 2002). The first element, immunity
from liability from breach of contract, is satisfied by the act of the governmental entity
entering into a contract with a private party. See Lawson, 87 S.W.3d at 520; Gen. Servs.
Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001) (a state waives
immunity from liability when it contracts with private citizens). However, an extra step is
required to also waive immunity from suit: the legislature must expressly consent to waive
governmental immunity from suit and absent consent, the trial court lacks jurisdiction over
any case arising from the contract. See Pelzel, 77 S.W.3d at 248. The government must
consent to the suit and waive its immunity fully through statute or legislative resolution. Id.;
IT-Daly, 74 S.W.3d at 858. Such a waiver must be expressed by “clear and unambiguous
language.” Fed. Sign Co. v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). 
As Sharyland notes, such a clear and unambiguous waiver has been made by the
Texas legislature on behalf of Alton. Section 51.013 of the local government code asserts
plainly, “The municipality may sue and be sued, implead and be impleaded, and answer
and be answered in any matter in any court or other place.” Tex. Loc. Gov’t Code Ann. §
51.013 (Vernon 1999). We hold that this language expresses an unambiguous waiver of
immunity from suit in this case. See State v. Kreider, 44 S.W.3d 258, 266 (Tex. App.–Fort
Worth 2001, pet. denied) (relying on section 51.013 to conclude that municipalities do not
have immunity from suit). Alton, a municipality governed by this statute, has therefore
waived immunity from liability and immunity from suit by entering in to the water-supply
agreement with Sharyland. 
The trial court did not err when it denied Alton’s plea to the jurisdiction on the issue
of breach of contract. Accordingly, we overrule Alton’s issues on appeal and affirm the
judgment of the trial court on this issue. 
Turner and Cris
We now turn to the denial of Turner and Cris’s plea to the jurisdiction. These
appellants are not and do not claim to be governmental entities. However, by one issue,
they assert that Alton is immune from suits of this nature and, as contractors for Alton, they
share similar immunity, though no authority is cited for this proposition. Sharyland disputes
the claims that Alton has immunity in this suit and that appellants can assert Alton’s
immunity for themselves. 
As Alton’s immunity has previously been analyzed, the sole question that remains
to be considered on this appeal is whether Turner and Cris, as parties who contracted with
Alton, can assert that they are also immune.
The de novo review requires this court to examine the parties’ pleadings and to
accept allegations by the plaintiff as true. Silvas, 62 S.W.3d at 320. Sharyland is asserting
its claim against Turner and Cris as a third-party beneficiary to the Alton–Turner/Cris
contracts for construction of the sewer system. There is a legal presumption against, not
in favor of, third-party beneficiary agreements, and absent any clear indication in the
contract that the parties intended to confer a direct benefit to the third party, the third party
may not maintain an action as a third-party beneficiary. MCI Telecomm. Corp. v. Tex. Utils.
Elec. Co., 995 S.W.2d 647, 652 (Tex. 1999). Sharyland does not explain in its brief why
it can be considered a third-party beneficiary to the Alton–Turner/Cris contracts. However,
this Court is constrained by the limits of its review of a plea to the jurisdiction and must
construe Sharyland’s pleadings liberally in favor of jurisdiction. Silvas, 62 S.W.3d at 320.
Thus, taking the allegations in plaintiff’s petition as true, we begin the analysis with the
presumption that Sharyland is a proper third-party beneficiary to the Alton–Turner/Cris
contracts.
Third-party beneficiaries to a contract acquire the same rights and standing to
enforce the contract as those held by one of the contracting parties. Paragon Sales Co. v.
New Hamp. Ins. Co., 774 S.W.2d 659, 660 (Tex. 1989); County Mut. Ins. Co. v. Childress,
650 S.W.2d 770, 775 (Tex. 1983). Here, Sharyland as a third-party beneficiary can act to
enforce Turner and Cris’s contractual duties to Alton. In its petition before the trial court,
Sharyland alleged that these appellants were liable in their negligent construction of the
sewer lines, that they engaged in negligence per se by violating sections of the Texas
Administrative Code establishing design criteria for sewer systems, and that they breached
their contract with Alton for the proper construction of a sewer system. Sharyland alleged
that Turner and Cris were directly liable for these acts, and not liable only as agents or
employees of the city. These are all claims that could have been alleged against Turner
and Cris by Alton as a party to the contract and thus are claims that Sharyland, as a third-party beneficiary, may properly assert. See Paragon, 774 S.W.2d at 660.
Turner and Cris are independent contractors, and the act that provides governmental
immunity to various employees and agents of the government specifically excludes
independent contractors and their employees. Tex. Civ. Prac. & Rem. Code Ann.
§101.001(2) (Vernon Supp. 2003). Therefore, when Sharyland essentially stepped into the
shoes of Alton in raising these claims against Turner and Cris, they could not assert Alton’s
sovereign immunity as their own defense.
Alton, the first-party defendant, initially joined Turner and Cris as third-party
defendants. According to rule 38(a) of the rules of civil procedure, when the plaintiff asserts
any claims against a third-party defendant, the third-party defendant “thereupon shall assert
his defenses and his counterclaims and cross-claims.” Tex. R. Civ. P. 38(a) (emphasis
added). The defenses of the original defendant are not available to the third-party
defendant against the plaintiff; the third-party defendant must assert his own defenses only. 
Turner and Cris asserted no defenses other than that of Alton’s sovereign immunity. As
they do not enjoy this immunity and provided no other independent defenses on their own
behalf for the court’s consideration, we overrule their issue on appeal and affirm the
judgment of the trial court on this plea to the jurisdiction.
Conclusion
In City of Alton v. Sharyland Water Supply Corp., we affirm the court’s order on the
issue of contract immunity in favor of Sharyland and against Alton, and reverse and remand
it on the issue of tort immunity to allow Sharyland an opportunity to amend its pleadings. In
Turner, Collie & Braden, Inc. et al. v. Sharyland Water Supply Corp., we affirm the court’s
order in favor of Sharyland and against Turner and Cris.
________________________
                                                                           DORI CONTRERAS GARZA,
                                                                           Justice 
Opinion delivered and filed this
the 12th day of August, 2004.