

# NUMBER 13-22-00052-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                                    Appellant,

v.

KENYA J. TREVINO RODRIGUEZ,                                          Appellee.

---

**On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Texas Department of Public Safety (DPS) challenges the trial court's denial of its plea to the jurisdiction. DPS argues that the trial court erred in not dismissing appellee Kenya J. Trevino Rodriguez's claims because: (1) Rodriguez "admitted that she failed to comply with the notice requirements" under Texas Civil Practice and Remedies

Code § 101.101; (2) DPS established its immunity under the emergency-response exception; and (3) DPS established official immunity. We reverse and render.

## I. BACKGROUND

At approximately 9:50 p.m. on August 15, 2020, DPS Trooper Raul Macias responded to an emergency call for service regarding a hit-and-run accident in Hidalgo County, Texas. While en route to the location of the incident in his patrol unit, Trooper Macias drove behind a vehicle driven by Rodriguez. Trooper Macias attempted to pass Rodriguez by occupying the left lane of a two-lane road, each lane going in opposite directions. At the time Trooper Macias attempted to pass her, Rodriguez attempted to make a left turn into a private driveway and collided with Trooper Macias's DPS vehicle.

Rodriguez filed suit against Trooper Macias and DPS, alleging that while under the course and scope of his employment, Trooper Macias's negligent conduct caused Rodriguez to suffer personal injury. She further alleged that DPS was vicariously liable for Trooper Macias's conduct under the doctrine of respondeat superior, negligent training, and negligent supervision.

DPS filed a motion to dismiss, asserting sovereign immunity and arguing that: (1) Rodriguez failed to provide timely written or actual notice pursuant to the Texas Tort Claims Act (TTCA) and (2) Trooper Macias was entitled to immunity from suit as a DPS employee who was in the course and scope of his employment at the time of the incident. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.101, 101.106(e). Trooper Macias was dismissed from the case by agreed order, pursuant to § 101.106(e) of the Texas Civil Practice and Remedies Code. *See id.* § 101.106(e).

2

Discovery began in the suit. In response to a request for admission from DPS, Rodriguez admitted she did not provide DPS notice of this claim in accordance with Texas Civil Practice and Remedies Code § 101.101. DPS then filed its plea to the jurisdiction and motion for summary judgment arguing, as it does here, that: (1) Rodriguez failed to provide timely notice pursuant to § 101.101; (2) DPS retained sovereign immunity under the "emergency exception" in § 101.055; and (3) DPS retained sovereign immunity as a result of Trooper Macias's official immunity. *See id.* §§ 101.101, 101.055. Rodriguez responded to the plea to the jurisdiction and attached thereto a letter of representation addressed to DPS purporting to give notice of the suit prior to suit being filed, in accordance with § 101.101. DPS objected to the admission of the alleged notice letter, and its objection was overruled.

The trial court denied the plea to the jurisdiction and motion for summary judgment. This interlocutory appeal ensued. *See id.* § 51.014(a)(8).

## II. PLEA TO THE JURISDICTION

DPS argues the trial court erred in denying its plea to the jurisdiction for three reasons. First, DPS contends that it retained its immunity because Rodriguez failed to provide the pre-suit notice required by the TTCA. Second, DPS contends that it retained its immunity under the TTCA because § 101.055(2), the emergency exception to the waiver of sovereign immunity under the TTCA, applies. *See id.* § 101.055(2). And third, DPS contends that it retained its immunity under the TTCA because Trooper Macias is protected by official immunity and therefore could not "be personally liable to the claimant according to Texas law," as required for the waiver of immunity under § 101.021(1)(B).

3

*See id.* § 101.021(1)(B).

**A.     Standard of Review**

Governmental units are generally immune from suit unless immunity is waived by state law. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). The TTCA waives immunity for the negligent acts of government employees in specific, narrow circumstances. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 101.021.

Because governmental immunity is jurisdictional, it is properly raised through a plea to the jurisdiction, which we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). "To determine whether the party has met this burden, we may consider the facts alleged by the plaintiff and the evidence submitted by the parties." *Id.* (citing *Tex. Nat. Res. & Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)). When a plea challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *see* TEX. R. CIV. P. 166a(c).

When evaluating the parties' evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When the pleadings and evidence generate a "fact question on jurisdiction," dismissal on a plea to the jurisdiction is improper. *Univ. of Tex. at Austin v. Hayes*, 327

S.W.3d 113, 116 (Tex. 2010); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (noting that "the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction"). However, "if the evidence is undisputed or fails to raise a fact question," the plea must be granted. *Hayes*, 327 S.W.3d at 116.

**B.    Pre-Suit Notice**

DPS argues first that Rodriguez failed to abide by the TTCA's pre-suit notice requirements as articulated in the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101. The TTCA requires a claimant to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim; however, the formal notice requirements do not apply if the governmental unit has actual notice of the claim. *Id.*; *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995). The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey*, 900 S.W.2d at 341; *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981). Compliance with the notice provisions of the TTCA is a prerequisite to a waiver of sovereign immunity under the Act. *State v. Kreider*, 44 S.W.3d 258, 263 (Tex. App.—Fort Worth 2001, pet. denied). Accordingly, failure to give notice under § 101.101 of the TTCA precludes the waiver of sovereign immunity from suit. *Kreider*, 44 S.W.3d at 263.

DPS contends that Rodriguez did not serve it with formal written notice of her intent to file suit within the applicable time period as required by statute. During a hearing on

5

the plea to the jurisdiction, Rodriguez introduced a letter to the trial court that she argued was sent to DPS within the six months prescribed by the code. However, the information regarding service of the letter was largely unsubstantiated, and it was presented to the trial court after Rodriguez admitted in her discovery responses that no such letter existed. Specifically, as it relates to the letter, DPS argued it never received the notice, and while Rodriguez's counsel stated the internal information on their firm's software indicated it had been sent, they could not confirm that it was actually sent. Rodriguez concedes in her appellate briefing that there is doubt surrounding the potentially unserved letter of representation and instead focuses her argument on actual notice, arguing DPS had: (1) knowledge of a death, injury, or property damage; (2) subjective awareness of its fault, as ultimately alleged by Rodriguez, in producing or contributing to the claimed death, injury, or property damage, and (3) knowledge of the identity of the parties involved.

The crux of this dispute revolves around the second factor, subjective awareness of fault. DPS contends that it did not have actual notice of Rodriguez's prospective claim, stating that the investigation of the collision indicated that the accident was not the fault of Trooper Macias. In contrast, Rodriguez contends that regardless of what the investigative reports concluded, there was evidence that showed that Trooper Macias was at fault. Namely, Rodriguez relies on body camera footage from the scene after the collision which she alleges shows that Trooper Macias exhibited signs of guilt or remorse for the accident and appears to blame himself. However, an appellate court cannot consider an item that is not a part of the record on appeal. *Kaman v. State*, 923 S.W.2d 129, 132 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Further, we cannot consider

documents or evidence attached to briefs unless they were before the trial court and are part of the record. *Allen v. Auto. Ins. Co.*, 892 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.) (holding that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, cannot be considered on appellate review); *Fox v. Wordy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) (refusing to consider appellant's affidavit attached to brief because it was not part of the appellate record); *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed."). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. The attachment of the body camera footage as an exhibit or appendix to Rodriguez's brief is not formal inclusion in the record on appeal and, therefore, the footage cannot be considered. *See Fox*, 234 S.W.3d at 33.

Rodriguez also relies on Trooper Macias's deposition testimony regarding the incident. Specially, Rodriguez argues that Trooper Macias agreed that he interfered with the turning of Rodriguez's vehicle. To satisfy actual notice requirements, a governmental unit must have the same knowledge it is entitled to receive under the TTCA's formal notice provisions. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). A statement by Trooper Macias that he interfered with the turning of Rodriguez's vehicle does not implicate fault in the accident, but rather confirms the accident occurred in the manner Trooper Rodriguez said it did—as he was attempting to pass Rodriguez, she turned her

vehicle into his vehicle. This description of the accident was the basis of the investigation which determined Trooper Macias was not at fault. Accordingly, it cannot be said that DPS had actual subjective awareness of its fault on the basis of a statement made during Trooper Macias's deposition.

Furthermore, Rodriguez's mere contentions that a third-party investigation into the accident would have yielded different conclusions does not create subjective awareness of fault, and no such investigation was conducted. *See See City of Dallas v. Carbajal*, 324 S.W.3d 537, 537 (Tex. 2010) ("[M]erely investigating an accident is insufficient to provide actual notice."). "The actual notice requirement is not met just because the governmental unit (1) should have investigated an accident as a prudent person would have, (2) investigated an accident as part of its routine safety procedures, or (3) *should have known it might have been at fault based on its investigation*." *Tenorio*, 543 S.W.3d at 776 (emphasis added). "If a governmental unit investigates an accident, whether the information acquired through its investigation meets the actual notice requirements of the TTCA depends upon the particular facts of the case." *Id.*

While DPS's belief that its trooper was not at fault based on the investigative reports does not negate actual notice, nothing in the crash report, or investigative report indicates, either expressly or impliedly, that DPS subjectively believed its trooper acted in error by initiating or continuing a passing maneuver en route to the hit-and-run such that they were in some manner responsible for the alleged injuries *See id.*, 543 S.W.3d at 778. Accordingly, we conclude DPS did not have actual notice that it was at fault in connection with the collision, as is required by the TTCA for DPS's immunity to have been waived.

8

Therefore, the trial court lacked jurisdiction over the claims. *See id.*

DPS's first issue is sustained.[1]

### III. CONCLUSION

We reverse the judgment of the trial court and render judgment granting DPS's plea to the jurisdiction and dismissing the cause for want of jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed on the
10th day of August, 2023.

---

[1] Having sustained DPS's first issue, we need not reach the remaining issues. *See* TEX. R. APP. P. 47.1.